UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
-------------------------------------------------------------X
DERRICK EVANS,

                        Plaintiff(s),

   -against-

THE HUFFINGTON POST.COM, INC.;
ET ANO.,

                       Defendant(s).
-------------------------------------------------------------X

Civil Action No.: 1:19-cv-536-HSO-JCG

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                          s.s :
COUNTY OF NEW YORK  )

     BOBBY ALI, being duly sworn, deposes and says that he is an employee of KEATING & WALKER ATTORNEY SERVICE, INC. at 116 Nassau Street, Suite 816, New York, New York 10038, is over the age of eighteen years and is not a party to the action.
     That on the 23rd day of August, 2019, at approximately 11:22 a.m., deponent served a true copy of the **Summons in a Civil Action; Civil Cover Sheet; Complaint (with Exhibits 1-3 attached)** upon Ashley Feinberg c/o Slate Magazine at 15 Metrotech Center, Brooklyn, New York 11201 by personally delivering and leaving the same with Megan Kallstrom, Legal Coordinator, a person of suitable age and discretion at that location, the actual place of employment of the defendant. At the time of service I asked if Ashley Feinberg is in active military service for the United States for the State in any capacity whatsoever or is dependent upon such person and received a negative reply.
     Megan Kallstrom is a white female, approximately 25-35 years of age, is approximately 5 feet and 0-4 inches tall, weighs approximately 130-150 pounds, has long brown hair, dark eyes and was wearing glasses.

That on the 26th day of August, 2019, in accordance with the Federal Rules of Civil Procedure, Rule 4(e)(1), and the New York State Civil Practice Law and Rules (CPLR), Section 308(2), [New York State rules for service of process upon an individual defendant at the individual's place of business/employment] copies of which are annexed, deponent served another copy of the foregoing upon the defendant by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL and CONFIDENTIAL" written on the same, and not indicating on the outside that it is from an attorney, or concerns a legal matter, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York, addressed as follows:

**Ashley Feinberg**
**c/o Slate Magazine**
**15 Metrotech Center**
**Brooklyn, New York 11201**

Sworn to before me this
28th day of August, 2019

BOBBY ALI #871612

NOTARY PUBLIC, STATE OF NEW YORK
STEVEN MITCHELL
Reg. No. 01-MI-6326046
Qualified in New York County
Commission expires June 08, 2023

(D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) **Serving a Minor or an Incompetent Person.** A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

**§ 308. Personal service upon a natural person.**

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

6. For purposes of this section, "actual place of business" shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

Amended by L. 1970, Ch. 852, eff. Sept. 1, 1970; L. 1971, Ch. 176, eff. Sept. 1, 1971; L. 1974, Ch. 765, eff. July 7, 1974; L. 1977, Ch. 344, eff. Jan 1, 1978; L. 1986, Ch. 77, eff. Jan. 1, 1987, which repealed an undesignated paragraph following paragraph 5; L. 1987, Ch. 115, eff. July 15, 1987; L. 1988, Ch. 125, eff. Jan. 1, 1989, which amended subds. 2 and 4; L. 1994, ch. 131, eff. January 1, 1995, which added subdivision (6).

## CROSS REFERENCES

DRL § 232, referred to in subds. (2), (3) and (4) *supra*, appears in the Miscellaneous Practice Statutes section of this volume, *infra*.

## ANNOTATIONS

**Actual place of business:** although the invoices of the defendant-respondent, an attending physician at the defendant-hospital, specified two business addresses, including an office at the hospital in room 847, service made upon a hospital administrator at the administration office on the fourteenth floor was improper, as that was not the defendant-respondent's actual place of business. West v. Doctor's Hosp., 198 A.D.2d 92, 603 N.Y.S.2d 842 (1st Dept. 1993).

**Affidavits of process server constitute sufficient proof that there had been proper service:** the trial court properly denied defendants' motion to vacate a default judgment entered against them for lack of jurisdiction; affidavits of the process server constituted prima facie evidence of proper service, and defendants' assertion that they never received process was insufficient to dispute those

that he did not know the whereabouts of his wife, when in fact he concealed the existence of one individual and other circumstances which would have permitted the court to direct the use of expedient service. Iroff v. Iroff, 125 A.D.2d 197, 509 N.Y.S.2d 316 (1st Dept. 1986).

**Service upon attorney:** plaintiffs' unsuccessful attempts to serve defendant combined with efforts of defendant's insurance carrier to locate her, which had proved futile, were held to constitute sufficient evidence that service under CPLR 308(1), (2) or (4) was impracticable and to permit service of process upon the defendant pursuant to CPLR 308(5); the court held that in the present action, to recover damages for injuries arising out of an automobile accident, service upon the attorney retained to represent the defendant by her insurance carrier was reasonably calculated to give defendant notice of the proceeding, even though neither the attorney nor the insurer had knowledge of defendant's whereabouts. Gibson v. Salvatore, 102 A.D.2d 861, 476 N.Y.S.2d 930 (2d Dept. 1984).

**Service upon attorney by *ex parte* order:** the trial court properly denied the defendant's motion to vacate a service of summons effected by *ex parte* order upon his attorneys where the plaintiff's efforts to obtain information regarding the defendant's current residence or place of abode through ordinary means had proved ineffectual and where such evidence demonstrated that service under other methods would have been "impracticable"; a showing of impracticability under CPLR 308(5) does not require proof of actual prior attempts to serve a party under the methods of service outlined in CPLR 308(1), (2), or (4). Franklin v. Winard, 189 A.D.2d 717, 592 N.Y.S.2d 726 (1st Dept. 1993).

**Service upon security guard:** the process server fulfilled CPLR 308(2)'s "delivery" requirement by attempting to deliver the summons to a security guard at the defendant's residential community; had the guard accepted the summons, service at the security gate would have sufficed, since "the outer bounds of defendant's actual dwelling place could be deemed to extend to the guard's booth"; the guard's refusal to accept the summons entitled the process server to leave the summons in the "general vicinity." Duffy v. St. Vincent's Hosp., 198 A.D.2d 31, 603 N.Y.S.2d 47 (1st Dept. 1993).

**Substituted service:**

—**Co-defendants: two copies of summons necessary:** the Court of Appeals has held that when two defendants are named and one person of suitable age and discretion is served on behalf of both, two copies of the summons must be served on that one person. Otherwise the servee, believing that only one defendant is being served through him, may deliver the summons to the one and fail to advise the other. Raschel v. Rish, 69 N.Y.2d 694, 512 N.Y.S.2d 22, 504 N.E.2d 389 (1986).

—**Doorman of apartment building:** the Court of Appeals has held that, in at least some circumstances, an apartment house doorman may be a "person of suitable age and discretion at the actual . . . dwelling place" of a tenant in an apartment house, to whom a summons may properly be delivered for the purpose of alternative service under CPLR 308(2). However, not every doorman is necessarily a suitable person to whom delivery may be made. The doorman must be a responsible communicator. A regular apartment house doorman fulfills this role: he screens callers, announces visitors and accepts messages and packages for delivery to the tenants. It was also held that delivery of the summons in the lobby constituted delivery "at the actual dwelling place" of the defendant. If the process server is not permitted to proceed to the actual dwelling place by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested. The Court stated that service would probably be valid if, as a matter of practice, the doorman was under instructions not to admit callers without the consent of the tenants. In this case, there was a specific finding that the defendant instructed the doorman not to admit the process server. F.I. Du Pont, Glore Forgan & Co. v. Chen, 41 N.Y.2d 794, 396 N.Y.S.2d 343, 364 N.E.2d 1115 (1977), citing Weinstein, Korn and Miller.

—**"Due diligence" established:** three attempts to serve the defendant at his home, at different hours of the day, sufficiently established "due diligence," permitting the use of substituted service, since no rigid rule exists defining when "due diligence" has been exercised and when the use of substituted service is permitted. Hochhauser v. Bungeroth, 179 A.D.2d 431, 578 N.Y.S.2d 170 (1st Dept. 1992)*Accord* Johnson v. Waters, 291 A.D.2d 481, 738 N.Y.S.2d 369 (2d Dept. 2002).

—**Mere "mailing" is not an "authorized manner":** in an action seeking partition of real property,