IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DERRICK EVANS**                                                                    **PLAINTIFF**

v.                                                                    Civil No. 1:19cv536-HSO-JCG

**HUFFINGTON POST.COM, INC.**, *and*                              **DEFENDANTS**
**ASHLEY FEINBERG**

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF DERRICK EVANS'S MOTION [10] FOR JURISDICTIONAL DISCOVERY AND DENYING DEFENDANTS' MOTION [8] TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITHOUT PREJUDICE, WITH LEAVE TO REASSERT

BEFORE THE COURT are Defendants Huffington Post.com, Inc., and Ashley Feinberg's Motion [8] to Dismiss for Lack of Personal Jurisdiction, and Plaintiff Derrick Evans's Motion [10] for Jurisdictional Discovery. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Plaintiff's Motion [10] for Jurisdictional Discovery should be granted and that Defendants' Motion [8] to Dismiss should be denied without prejudice, with leave to reassert upon completion of jurisdictional discovery.

I.  BACKGROUND

On September 20, 2018, Defendant Ashley Feinberg ("Feinberg"), then a reporter for Defendant Huffington Post.com, Inc. ("HuffPost"), wrote an article detailing the social environment during the 1980s at Georgetown Preparatory School in North Bethesda, Maryland. Compl. [1] at 7. The Complaint [1] alleges that

HuffPost published the article on its website during the Senate confirmation hearings for United States Supreme Court Associate Justice Brett Kavanaugh. Compl. [1] at 7-8. The article characterized the school as a "free-for-all party scene," *id.* at 8; Ex. 1 [1-1] at 1, and among other things, referenced the April 1984 overdose death from cocaine, Demoral, and Mellaril of David Kennedy, son of the late Senator Robert F. Kennedy. The article asserted that "[t]wo Prep students – David's brother Doug, and his friend Derrick Evans – had helped David Kennedy score the coke." Ex. 1 [1-1] at 1.

Invoking this Court's diversity jurisdiction, Plaintiff Derrick Evans ("Evans"), the friend of Kennedy mentioned in the article, instituted this action on August 21, 2019, accusing Defendants of defamation and seeking over $75,000.00 in damages. Compl. [1] at 1, 4, 16. Defendants now move for dismissal, claiming that the Court lacks personal jurisdiction over them. Mot. [8] at 1. Evans has responded with his own Motion [10] for Jurisdictional Discovery, asking the Court to permit him to conduct limited discovery in order to obtain materials which he asserts would establish that personal jurisdiction exists. Pl. Mem. [11] at 2-3.

II. DISCUSSION

A. Legal Standard

A plaintiff seeking jurisdictional discovery must make a "preliminary showing of jurisdiction" by presenting "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" which would establish jurisdiction. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456

(3d Cir. 2003)). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). However, if the factual basis which would establish personal jurisdiction is disputed, "the court may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help resolve the jurisdictional issue." *Walk Haydel & Assoc. Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). The party seeking discovery bears the burden of demonstrating its necessity, *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014), and "a district court has broad discretion in all discovery matters," *Kelly*, 213 F.3d at 855 (5th Cir. 2000) (internal quotation omitted).

    A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction comports with the due process guarantees of the Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Mississippi's long-arm statute permits a court to exercise personal jurisdiction over an out-of-state defendant if the defendant: 1) makes a contract with a Mississippi resident to be performed in whole or in part in Mississippi; 2) commits a tort in whole or in part in Mississippi; or 3) does any business or performs any character of work or service in Mississippi. Miss. Code Ann. § 13-3-57 (2020). Under the Due Process Clause of the Fourteenth Amendment

to the United States Constitution, a court may exercise personal jurisdiction over a foreign defendant where the defendant has established "minimum contacts" with the forum state and the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Revell*, 317 F.3d at 470.

A foreign defendant's "minimum contacts" with the forum state may support either "general" or "specific" personal jurisdiction. *Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013). A court may exercise general jurisdiction only where a defendant maintains "continuous and systematic" contacts with the forum state. *Id.* Specific jurisdiction, on the other hand, "may arise incident to the commission of a single act directed at the forum and is appropriate only where the defendant purposefully availed himself of the privilege of conducting activities in-state, thereby invoking the benefits and protections of the forum state's laws." *Id.* (internal quotation omitted). To establish specific jurisdiction due process requires "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

B.   <u>Analysis</u>

Evans argues that he has made a preliminary showing of personal jurisdiction and that jurisdictional discovery will produce evidence to support the exercise of such jurisdiction. Pl. Mem. [11] at 4. Specifically, Evans contends that discovery will reveal personal jurisdiction over Defendants under both the "doing business" and tort prongs of the Mississippi long-arm statute. *Id.* at 12-13; Reply

[17] at 3-4. Defendants counter that the Court should not allow any jurisdictional discovery because Evans cannot establish a nexus between his defamation claim and Defendants' alleged contacts with Mississippi. Resp. [12] at 12. Defendants further assert that Evans cannot demonstrate that they have the "minimum contacts" with Mississippi necessary to support jurisdiction under the Due Process Clause. *Id.* at 16. Evans maintains that he has made a preliminary showing on the nexus requirement because the allegedly defamatory statement was published to a third party when Defendants published their article on the Huffpost website, and Defendants' contacts with Mississippi arise through the operation of that website. Reply [17] at 5.

For the reasons that follow, the Court is of the opinion that because it is not clear at this juncture that it does not have personal jurisdiction over Defendants, permitting Evans to conduct jurisdictional discovery may reveal facts which would enable the Court to determine whether personal jurisdiction exists.

1. <u>Evans has made a preliminary showing that discovery may reveal the existence of personal jurisdiction under the "doing business" and tort prongs of the Mississippi long-arm statute.</u>

Evans argues that jurisdictional discovery may produce facts that will establish personal jurisdiction under both the tort and "doing business" prongs of the Mississippi long-arm statute. Pl. Mem. [11] at 12-13; Reply [17] at 3-4. The Court finds that Evans has shown that a fact issue exists as to whether jurisdiction is proper under one or both of these prongs.

The Mississippi Supreme Court has held that "for the purposes of [the] long-arm statute, a tort is committed in Mississippi when the injury results in this

5

State." *Horne v. Mobile Area Water & Sewer Syst.*, 897 So. 2d 972, 977 (Miss. 2004). The Complaint alleges that Evans suffered injury in Mississippi from Defendants' defamatory statements. Compl. [1] at 5. Although Defendants have submitted evidence in support of their Motion [8] to Dismiss, they have not offered any evidence which refutes this claim.[1] As such, Evans has made a preliminary showing that personal jurisdiction may exist under the tort prong of the Mississippi long-arm statute.

The "doing business" prong of Mississippi's long-arm statute "applies to any person or corporation performing any character of work in [the] state." *Estate of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008). "[A] nonresident defendant may be 'doing business' in Mississippi if 'he did various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object.'" *Bally Gaming, Inc. v. Caldwell*, 12 F. Supp. 3d 907, 912 (S.D. Miss. 2014) (quoting *McDaniel v. Ritter*, 556 So. 2d 303, 309 (Miss. 1989)).

Defendants have submitted the Declarations of Defendant Ashley Feinburg and Victor Brand, who is HuffPost's Deputy Managing Editor. Both insist that Defendants do not conduct business in Mississippi. Ex. A [8-1] at 2; Ex. B [8-2] at 1. Defendants further assert that they do not aim any of their content towards Mississippi readers, nor do they solicit advertisers who directly target Mississippi

---

[1] Defendants assert in their Motion [8] to Dismiss that Evans has not adequately alleged that his injury occurred in Mississippi because he does not "affirmatively allege that he was a Mississippi resident at the time of the publication," despite the allegation in the Complaint and in Evans's brief that he is a Mississippi resident and that he suffered an injury in Mississippi. Def. Mem. [9] at 16; *see also* Compl. [1] at 3, 5. At this stage of the litigation, the Court must accept the Complaint's factual allegations as true and view them in the light most favorable to Evans. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).

6

residents. Ex. A [8-1] at 2; Ex. B [8-2] at 1.

Evans maintains that Defendants are subject to the "doing business" prong because the HuffPost website "frequently posts stories that are Mississippi-centric" and uses "Mississippi readers' geographic locations to tailor advertisements . . . by candidates for Mississippi statewide political races and by Mississippi telecommunications and energy providers." Pl. Mem. [11] at 10-12. Evans adds that HuffPost's editor admits that the site has sold at least two premium memberships to Mississippi residents. *Id.* at 11 (citing Ex. A [8-1] at 3). Evans has produced some evidence to support his claims. *See, e.g.*, Ex. H [10-8] (examples of "Mississippi-centric" articles published on HuffPost's website); Ex. M [10-13] (examples of advertisements displayed on the HuffPost website for Mississippi-based advertisers).

The Court is of the opinion that Evans has created an issue of fact as to whether Defendants are subject to the "doing business" prong of Mississippi's long-arm statute sufficient to justify discovery into Defendants' business conduct, if any, in this State in order to determine whether personal jurisdiction exists.

2. <u>Evans has presented sufficient factual allegations to obtain discovery under the Due Process Clause.</u>

Evans contends that he has made a preliminary showing that Defendants possess the minimum contacts with Mississippi necessary to establish personal jurisdiction under the Due Process Clause. Pl. Mem. [11] 4-10; Reply [17] at 9-12. Evans argues that the high level of interactivity of HuffPost's website "evidences that the company has targeted Mississippi residents and should reasonably expect

7

to be haled into court here." Reply [17] at 9. Defendants respond that personal jurisdiction is clearly not proper under the Due Process Clause because Evans cannot establish a nexus between his defamation claim and Defendants' alleged contacts with Mississippi. Resp. [12] at 12-15. In addition, they assert that discovery is not likely to produce any facts that would establish sufficient minimum contacts between them and Mississippi. *Id.* at 16-22.

In order to satisfy the Due Process Clause, Evans must be able to show that a nexus exists between Defendants' contacts with Mississippi and his defamation claim. *ITL Intern., Inc.*, 669 F.3d at 498. Under Mississippi law, the elements of a defamation claim are:

> (1) a false and defamatory statement concerning plaintiff;
> (2) unprivileged publication to a third party;
> (3) fault amounting at least to negligence on [the] part of [the] publisher;
> (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication.

*Franklin v. Thompson*, 722 So. 2d 688, 692 (Miss. 1998). Evans argues that Defendants' contacts with Mississippi arise through its operation of the HuffPost website, on which the allegedly defamatory material was published. Reply [17] at 5. Because Evans is pursuing a claim based upon an article published on that website, the Court finds that this is sufficient to create a fact question regarding whether a nexus exists between his claim and Defendants' contacts with Mississippi, and that Evans should be permitted discovery to determine whether he can make the requisite showing of personal jurisdiction.

In order to establish personal jurisdiction, Evans must also make a preliminary showing that the "minimum contacts" requirement of the Due Process Clause can be met. Defendants assert, and the Court agrees, that the analysis as to whether they had sufficient minimum contacts with Mississippi "is essentially the same as the one to determine whether [they] are 'doing business' in Mississippi for the purposes of the State's long-arm statute." Resp. [12] at 16 (citing *Lott v. J.W. O'Connor & Co., Inc.*, 991 F. Supp. 785, 786 n.1 (N.D. Miss. 1998)). Because the Court has determined that jurisdictional discovery is warranted in order to ascertain whether Evans can establish personal jurisdictional under the "doing business" prong of the long-arm statute, discovery is also appropriate to determine whether Defendants have sufficient minimum contacts with Mississippi to support the exercise of specific personal jurisdiction.

The Court will grant Evans's Motion [10] for Jurisdictional Discovery and direct the parties to contact the Magistrate Judge within ten (10) days of the entry of this Order to set a schedule for discovery. Defendants' Motion to Dismiss will be denied, without prejudice and with leave to reassert upon the conclusion of jurisdictional discovery.

### III.  CONCLUSION

Because Plaintiff Derrick Evans has made a preliminary showing that jurisdictional discovery may produce facts that support the Court's exercise of personal jurisdiction over Defendants, his Motion [10] for Jurisdictional Discovery will be granted, and Defendants' Motion [8] to Dismiss for Lack of Personal Jurisdiction will be denied without prejudice, with leave to reassert. To the extent

9

the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Derrick Evans's Motion [10] for Jurisdictional Discovery is **GRANTED,** and Defendants Huffington Post.com, Inc. and Ashley Feinberg's Motion [8] to Dismiss for Lack of Personal Jurisdiction is **DENIED WITHOUT PREJUDICE,** with leave to reassert upon the conclusion of jurisdictional discovery.

**IT IS, FURTHER, ORDERED AND ADGJUDGED** that, the parties are directed to contact the Magistrate Judge within ten (10) days of the date of entry of this Order to set a schedule for conducting limited discovery for the purpose of determining the existence or absence of this Court's personal jurisdiction over Defendants.

**SO ORDERED AND ADJUDGED**, this the 11th day of September, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE