UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK EVANS,<br><br>   *Plaintiff*,<br><br>   v.<br><br>THE HUFFINGTONPOST.COM, INC. and ASHLEY FEINBERG,<br><br>   *Defendants.* | Civil Action No.: 1:19-CV-00536-HSO-JCG |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR JURISDICTIONAL DISCOVERY**

  Defendants The HuffingtonPost.com, Inc. ("HuffPost") and Ashley Feinberg (collectively, "Defendants") respectfully submit this Memorandum of Law in support of their motion for leave to undertake jurisdictional discovery of Plaintiff Derrick Evans ("Plaintiff"). Insofar as the Court has allowed Plaintiff to engage in jurisdictional discovery regarding his assertion that HuffPost is "doing business" in the State of Mississippi for purposes of the state's long-arm statute, Defendants should be allowed jurisdictional discovery of Plaintiff regarding his additional assertion that personal jurisdiction exists under the "tort" prong of the statute.

**BACKGROUND**

  Plaintiff commenced this action on August 21, 2019, alleging that Defendants defamed him, in Mississippi, through the publication of an article published on www.HuffPost.com nearly a year before, entitled "Former Student: Brett Kavanaugh's Prep School Party Scene was 'Free-for-All'" (Compl. ¶ 30 & Exs. 1-3.) The focus of the article was the early 1980's "party" culture at Georgetown Preparatory School, located in North Bethesda, Maryland, and then attended by

1

now-Supreme Court Justice Brett Kavanaugh. The article did not refer to, and none of the events described in it took place in, or otherwise concerned the State of Mississippi.

On October 16, 2019, Defendants moved to dismiss the action for lack of personal jurisdiction (Dkt. 8, 9). In response, Plaintiff moved for jurisdictional discovery, contending he could not adequately oppose Defendants' motion without discovery pertaining to HuffPost's alleged contacts with Mississippi.

By Memorandum Opinion and Order, filed September 11, 2020 (Dkt 18), the Court granted Plaintiff's motion, denied without prejudice Defendants' motion to dismiss, and directed the parties to contact Magistrate Judge John G. Gargiulo within ten (10) days of the date of the Order "to set a schedule for conducting limited discovery for the purpose of determining the existence or absence of this Court's personal jurisdiction over Defendants."

A conference was held on September 21, 2020, at which this Court set a deadline of January 29, 2021 for the completion of jurisdictional discovery. At the conference, counsel for Defendants sought leave to engage in jurisdictional discovery of Plaintiff, and the Court directed Defendants to file any motion seeking such discovery by October 2, 2020.

## ARGUMENT

Defendants seek limited jurisdictional discovery of Plaintiff regarding his assertion that personal jurisdiction over them exists under the "tort" prong of the Mississippi long-arm statute, Miss. Code Ann. § 13-3-57 (2002). Essentially, Mississippi courts have interpreted the long-arm statute as authorizing "three activities" that will permit the exercise of personal jurisdiction over a nonresident defendant:

> (1) the person has entered into a contract to be performed in Mississippi; (2) has committed a tort in Mississippi; or (3) is conducting business in Mississippi.

*Dunn v. Yager*, 58 So. 3d 1171, 1184 (Miss. 2011) (quoting *Yatham v. Young*, 912 So. 2d 467, 469-70 (Miss. 2005). The three activities are commonly referred to as "the contract prong, the tort prong, and the doing-business prong." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 497 (5th Cir. 2012).

It is undisputed that the "contract prong" is inapplicable here. Plaintiff is relying instead on the tort and doing business prongs of the statute. During the briefing of the motion to dismiss, Defendants pointed out that while Plaintiff had alleged in the Complaint he suffered "injury" in Mississippi he had not affirmatively alleged that he was a resident of Mississippi at the time of publication of the allegedly defamatory article on September 20, 2018. Nor has he alleged in the Complaint in what manner he has suffered reputational harm in this State.

The issue is significant because under the tort prong of the long-arm statute at least one element of the tort, in this case defamation, must take place in Mississippi. *Handshoe v. Torstar Corp.*, 2015 WL 8056364, at *2 (S.D. Miss. Dec. 4, 2015).

In opposing Defendants' motion and seeking jurisdictional discovery, Plaintiff at first appeared to no longer be relying upon the tort prong of the long-arm statute when, in a footnote, he stated:

> Here, Plaintiff does not allege that the effects of the defamatory article [in Mississippi] are what make personal jurisdiction over Huffington Post proper. Rather, it is the fact Huffington Post conducts business in Mississippi and that there is a nexus between that business and the publication of the article that defamed Evans, which establishes that this Court may exercise specific personal jurisdiction over Huffington Post.

Memorandum in Support of Plaintiff's Motion for Jurisdictional Discovery, to Deny Without Prejudice Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Stay Plaintiff's Deadline to Respond, filed Oct. 28, 2019 (Dkt. 11) at 9 n.5.

3

In response, Defendants argued in opposition to the motion for jurisdictional discovery that Plaintiff appeared to have disclaimed reliance on the tort prong of the long-arm statute. Memorandum of Law In Opposition to Plaintiff's Motion for Jurisdictional Discovery, to Deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Stay Plaintiff's Deadline to Respond, filed Nov. 12, 2019 (Dkt. 12) at 4-5 n.3.

Despite Plaintiff's earlier disclaimer, Plaintiff labeled Defendants' assertion "a gross mischaracterization" of his motion and asserted that he was indeed relying on the tort prong "because Defendants committed a tort, in whole or in part, in Mississippi since Plaintiff is a resident of Mississippi and *Evans felt his injury there (where he resided)*." Plaintiff's Reply in Support of His Motion for Jurisdictional Discovery, to Deny Without Prejudice Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Stay Plaintiff's Deadline to Respond, filed Nov. 26, 2019 (Dkt. 17) at 4 (emphasis added).

Subsequent to the conference before Magistrate Judge Gargiulo, Defendants' counsel asked Plaintiff's counsel whether Plaintiff would be willing to stipulate that he was proceeding solely under the doing business prong of the long-arm statute. After considering the proposed stipulation, Plaintiff's counsel informed Defendants' counsel that Plaintiff would not agree to it. Accordingly, Plaintiff continues to assert personal jurisdiction under both the tort and doing business prongs of the statute.

Thus, Plaintiff's alleged residence in Mississippi at the time of publication as well as his assertion that he "felt his injury there," i.e., suffered reputational harm in Mississippi, are issues of fact in the personal jurisdictional analysis. Insofar as the Court has already allowed the parties approximately 120 days to engage in jurisdictional discovery of Defendants regarding the "doing business" prong of the long-arm statute, fundamental fairness and judicial economy suggest that

Defendants should be allowed to engage in limited jurisdictional discovery of Plaintiff aimed at determining whether he has satisfied the tort prong of the Mississippi long-arm statute.

For instance, if jurisdictional discovery is limited to Defendants and their motion to dismiss with respect to the doing business prong is granted, the action would proceed based solely on the tort prong of the statute and Plaintiff's mere allegation that he was a resident of, and suffered injury in Mississippi. Then, during merits discovery Defendants would seek to discover facts relating to Plaintiff's tort prong allegations because Plaintiff has the ultimate burden of proof on the issue of personal jurisdiction,[1] and the Court has recognized that this issue is both fact-dependent and unresolved at this time. *See* Order (Dkt. 18) at 5-6 & n.1. Should Defendants uncover facts that suggest Plaintiff has not satisfied the tort prong of the statue, they would need to make another motion to dismiss for lack of personal jurisdiction. In light of the Court's granting Plaintiff leave to conduct jurisdictional discovery of Defendants, it clearly is more efficient and consistent with judicial economy that all factual issues pertaining to personal jurisdiction be discovered and adjudicated at the same time.

Although Defendants did not previously move for jurisdictional discovery – because they had moved to dismiss Plaintiff's action – nothing in the District Court's Order prohibits such discovery. Instead, in granting Plaintiff's motion the Order directs Magistrate Judge Gargiulo "to set a schedule for conducting limited discovery for the purpose of determining the existence or absence of this Court's personal jurisdiction over Defendants." Order (Dkt. 18) at 10. Because Plaintiff is relying, in part, on the tort prong of the Mississippi long-arm statute, any inquiry to "determin[e] the existence or absence" of personal jurisdiction over Defendants necessarily

---

[1] *E.g., Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 399 (5th Cir. 2009).

encompasses Plaintiff's allegation that jurisdiction properly may be exercised under the statute's tort prong, and should accordingly be based on a complete factual record.

Finally, there is nothing unusual about defendants undertaking jurisdictional discovery of plaintiffs, and district courts in Mississippi have allowed defendants to engage in such discovery. *E.g., Melton Properties, LLC. v. Illinois Cent. R.R. Co.*, 2019 WL 6039967, at *1 (N.D. Miss. Nov. 14, 2019) (court permitted defendant to depose plaintiff at its discretion during a 60-day discovery period in which plaintiff was conducting jurisdictional discovery of defendant).

## CONCLUSION

For the foregoing reasons, Defendants should be granted leave to engage in jurisdictional discovery of Plaintiff regarding his assertion that personal jurisdiction over Defendants may be exercised under the tort prong of the Mississippi long-arm statute.

Respectfully Submitted,

*s/ Michael J. Bentley*
W. Wayne Drinkwater (MBN 6193)
wdrinkwater@bradley.com
Michael J. Bentley (MBN 102631)
mbentley@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
Suite 1000, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Joseph J. Saltarelli (PHV)
jsaltarelli@HunonAK.com
Sherli Furst (PHV)
sfurst@HuntonAK.com
Silvia Ostrower (PHV)
sostrower@HuntonAK.com
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166-0005

6

        Telephone: (212) 309-1000
        Facsimile: (212) 309-1100

        Ann Marie Mortimer (Pro Hac Vice Pending)
        amortimer@HuntonAK.com
        HUNTON ANDREWS KURTH LLP
        550 South Hope Street, Suite 2000
        Los Angeles, CA 90071-2627
        Telephone: (213) 532-2000

        *Attorneys for Defendants TheHuffingtonPost.com, Inc. and Ashley Feinberg*

CERTIFICATE OF SERVICE

  I hereby certify that on October 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        s/ Michael J. Bentley
        Michael J. Bentley