**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DERRICK EVANS** **PLAINTIFF**

**v.** **Civil No. 1:19cv536-HSO-JCG**

**HUFFINGTON POST.COM, INC.,** *and*
**ASHLEY FEINBERG** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS HUFFINGTON POST.COM, INC. AND ASHLEY FEINBERG'S MOTION [19] FOR JURISDICTIONAL DISCOVERY**

BEFORE THE COURT are Defendants Huffington Post.com, Inc., and Ashley Feinberg's Motion [19] for Jurisdictional Discovery. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Defendants' Motion [19] for Jurisdictional Discovery should be granted.

## I. BACKGROUND

### A. Procedural History

On September 20, 2018, Defendant Ashley Feinberg ("Feinberg"), then a reporter for Defendant Huffington Post.com, Inc. ("HuffPost"), wrote an article detailing the social environment during the 1980s at Georgetown Preparatory School in North Bethesda, Maryland. Compl. [1] at 7. The Complaint [1] alleges that HuffPost published the article on its website during the Senate confirmation hearings for United States Supreme Court Associate Justice Brett Kavanaugh. *Id.* at 7-8. The article characterized the school as a "free-for-all party scene," *id.* at 8;

Ex. 1 [1-2] at 1, and among other things, referenced the April 1984 overdose death from cocaine, Demerol, and Mellaril of David Kennedy, son of the late Senator Robert F. Kennedy. The article asserted that "[t]wo Prep students – David's brother Doug, and his friend Derrick Evans – had helped David Kennedy score the coke." Ex. 1 [1-2] at 1.

Invoking this Court's diversity jurisdiction, Plaintiff Derrick Evans ("Evans"), the friend of Kennedy mentioned in the article, instituted this action on August 21, 2019, accusing Defendants of defamation and seeking over $75,000.00 in damages. Compl. [1] at 1, 4, 16. On October 16, 2019, Defendants moved for dismissal, claiming that the Court lacks personal jurisdiction over them. Mot. [8] at 1. Evans responded on October 28, 2019, with his own Motion [10] for Jurisdictional Discovery, asking the Court to permit him to conduct limited discovery in order to obtain materials which he asserts would establish that personal jurisdiction exists. Pl. Mem. [11] at 2-3. The Court granted Plaintiff's Motion [10] for Jurisdictional Discovery and denied Defendants' Motion [8] to Dismiss with leave to reassert, directing the parties to contact United States Magistrate Judge John Gargiulo to set a schedule for conducting limited discovery as to the existence or absence of this Court's personal jurisdiction over Defendants. Order [18] at 9-10.

B. <u>Defendants' Motion [19] for Jurisdictional Discovery</u>

In their present Motion [19] for Jurisdictional Discovery, Defendants assert that they "should be allowed jurisdictional discovery of Plaintiff regarding his . . . assertion that personal jurisdiction exists under the 'tort' prong of the [Mississippi long-arm] statute." Def.'s Mem. [20] at 1. Defendants contend that Plaintiff has "not

affirmatively alleged that he was a resident of Mississippi at the time of publication of the allegedly defamatory article . . . [n]or has he alleged in the Complaint in what manner he has suffered reputational harm in this State." *Id.* at 3. According to Defendants, this omission on Plaintiff's part is significant because, under the Mississippi long-arm statute, "at least one element of the tort, in this case defamation, must take place in Mississippi." *Id.* (citing *Handshoe v. Torstar Corp.*, No. 1:15-cv-113-KS-RHW, 2015 WL 8056364, at *2 (S.D. Miss. Dec. 4, 2015)). Pointing to Plaintiff's assertion in his Reply [17] in Support his Motion for Jurisdictional Discovery that he was a resident of Mississippi and "felt his injury there (where he resided)," Defendants maintain that Plaintiff's residence and where he suffered the injury of reputational harm "are issues of fact in the personal jurisdiction analysis," and that "fundamental fairness and judicial economy suggest that Defendants should be allowed to engage in limited jurisdictional discovery" to determine whether Plaintiff can satisfy the tort prong of the Mississippi long-arm statute. *Id.* at 4-5.

Plaintiff responds that "Defendants offer *no proof whatsoever* that calls into question Plaintiff's allegations in his Complaint that he suffered injury in Mississippi," which is insufficient to entitle Defendants to jurisdictional discovery. Pl.'s Memo [24] at 2-3 (emphasis in original) (citing *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 749 (5th Cir. 2020)). Plaintiff contends that information revealed by Defendants' requested discovery would be "of no consequence . . . because Mississippi cases have held that the publication of a defamatory statement

in a medium that allows it to be digested by Mississippi residents per se satisfies the tort prong of Mississippi's long-arm statute." *Id.* at 4 (citing *Lofton v. Turbine Design, Inc.*, 100 F. Supp. 2d 404, 409 (N.D. Miss. 2000) and *Edwards v. Associated Press*, 512 F.2d 258, 264-65 (5th Cir. 1975)). Plaintiff maintains that "there is no dispute that Defendants published the defamatory article on their website, which allowed publication within the State of Mississippi," and therefore, under *Lofton* and *Edwards*, Plaintiff has satisfied the tort prong of the long-arm statute. *Id.* at 6-7.

Defendants counters that cursory research as to Plaintiff's residence "is enough to raise at least some doubt as to [his] assertion that he has, at all relevant times, been a resident of Mississippi." Reply [25] at 2. Defendants further argue that Plaintiff misreads and misapplies *Lofton* for the proposition that "[b]ecause the defamatory material was posted on a website allowing access and publication within the State of Mississippi[,] . . . [t]his is sufficient to establish a prima facie case of personal jurisdiction under the tort prong of Mississippi's long-arm statute." *Id.* at 3 (quoting *Lofton*, 100 F. Supp. 2d at 409) (internal quotations omitted). Defendants note that Plaintiff omitted the phrase "and among Mississippi residents" from his quotation of *Lofton* and argue that, under the tort prong of the long-arm statute, Plaintiff must demonstrate not simply that the allegedly defamatory statements were accessible to Mississippi readers, but that Plaintiff resided in Mississippi and felt his injury in Mississippi. *Id.* According to Defendants, *Edwards* also supports their position that Plaintiff must establish

residence and injury in Mississippi because the plaintiff in *Edwards* was a resident of Mississippi at the time the defamatory statements were broadcast into the State. *Id.* at 4. Defendants claim that the question of Plaintiff's residence and where he suffered reputational harm "remains a question of fact that will need to be resolved during the course of the case," which justifies permitting them to conduct jurisdictional discovery on those issues. *Id.* at 5-6.

## II. DISCUSSION

### A. Legal standard

A party seeking discovery bears the burden of demonstrating its necessity. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). Where a party seeks jurisdictional discovery, the district court has discretion as to the type and amount of discovery to permit. *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction comports with the due process guarantees of the Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Mississippi's long-arm statute permits a court to exercise personal jurisdiction over an out-of-state defendant if the defendant: 1)

makes a contract with a Mississippi resident to be performed in whole or in part in Mississippi; 2) commits a tort in whole or in part in Mississippi; or 3) does any business or performs any character of work or service in Mississippi. Miss. Code Ann. § 13-3-57 (2020). The foregoing are commonly characterized as the contract prong, the tort prong, and the doing business prong of the long-arm statute. *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 497 (5th Cir. 2012).

The Mississippi Supreme Court has held that, under the tort prong, "personal jurisdiction over a nonresident defendant who allegedly committed a tort is proper if any of the elements of the tort—or any part of an element—takes place in Mississippi." *Lofton*, 100 F. Supp. 2d at 408 (citing *Smith v. Temco*, 252 So. 2d 212, 216 (Miss. 1971)). "A tort is not complete until injury occurs and if the injury occurs in the state, then the tort is committed, at least in part, in this state, and the exercise of in personam jurisdiction of the nonresident tortfeasor is appropriate." *Id.* In other words, since an injury is necessarily required to complete a tort, a tort is "committed in part in Mississippi where the injury results in the state." *Id.*; *see also Edwards*, 512 F.2d at 264 ("The tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the [long-arm] statute, the tort is committed, at least in part, in this State, and [personal] jurisdiction of the nonresident tort feasor [sic] is conferred upon the Mississippi court.").

In *Lofton*, the plaintiffs were three shareholders of a Mississippi corporation in the business of converting aircraft. Plaintiffs sued the defendant for defamation after the defendant published disparaging statements alleging technical difficulties

with plaintiffs' proposed aircraft modification and revealing the criminal history and a mugshot of one of the plaintiffs on the defendant's website. *Id.* at 406-07. The defendant, a corporation deemed to reside in Florida for jurisdictional purposes, moved to dismiss for lack of personal jurisdiction. *Id.* The court held that because the plaintiffs alleged that the defendant had committed the torts of defamation, libel, and slander through the publication of the allegedly defamatory statements which "allow[ed] access and publication within the State of Mississippi and among Mississippi residents," this was sufficient to establish a prima facie case of personal jurisdiction under the tort prong of the long-arm statute. *Id.* at 409. The court stated that because the torts of libel and slander are not complete until publication, upon publication of defamatory material within the State of Mississippi, the torts of libel and slander were complete. *Id.* On this basis, the court held that plaintiffs satisfied the tort prong of the statute. *Id.*

In *Edwards*, the plaintiff, an elected Sheriff of Lowndes County, Mississippi, filed a libel complaint against the Associated Press ("AP") based upon its publication of an allegedly false report on the AP wire service that plaintiff's request for a rehearing in a marijuana case against him had been denied by the Fifth Circuit. *Edwards*, 512 F.2d at 260. The report was broadcast into Lowndes County, Mississippi, where the plaintiff resided. *Id.* The Fifth Circuit held that "[s]ince the long-arm statute embraces torts committed in whole or in part in Mississippi, its plain language encompasses at least that part of the enlarged tort created by the distribution of the allegedly defamatory matter in Mississippi." *Id.* at

264. The court clarified that "[t]his is true even if AP is found liable only for that portion of damage, if any, attributable to the transfer of the erroneous report from AP to its members in Mississippi and not for any subsequent damage." *Id.* at 264 n.17.

B. Analysis

Given the facts and circumstances underlying the decisions in *Lofton* and *Edwards*, the Court is inclined to grant Defendants' Motion [19] for Jurisdictional Discovery. As Defendants have noted, both *Lofton* and *Edwards* stand for the proposition that a tort is considered to have been committed in Mississippi for purposes of the long-arm statute where injury results in the State. *Edwards*, 512 F.2d at 264; *Lofton*, 100 F. Supp. 2d at 409. In both *Lofton* and *Edwards*, the plaintiffs were Mississippi residents at the time of publication and alleged that they suffered reputational harm within the State of Mississippi as a result of the defendants' publication of the defamatory statements. Therefore, whether Plaintiff was a resident of Mississippi at the time of publication or whether he suffered reputational harm within Mississippi may be relevant for purposes of determining whether personal jurisdiction can be exercised over Defendants under the tort prong of the Mississippi long-statute. The questions of Plaintiff's residence and where he suffered injury are questions of fact in this case, and Defendants have asserted that any doubt as to whether Plaintiff was in fact a resident of Mississippi at the time of publication or whether he suffered injury in Mississippi has implications for the Court's analysis under the tort prong. For these reasons, the Court will grant Defendants' Motion [19] for Jurisdictional Discovery for the limited purpose of

determining whether personal jurisdiction exists under the tort prong of the Mississippi long-arm statute.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Huffington Post.com, Inc. and Ashley Feinberg's Motion [19] for Jurisdictional Discovery is **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADGJUDGED** that, the parties are directed to contact the Magistrate Judge within ten (10) days of the date of entry of this Order to set a schedule for conducting limited discovery for the purpose of determining the existence or absence of this Court's personal jurisdiction over Defendants under the tort prong of the long-arm statute.

**SO ORDERED AND ADJUDGED**, this the 9th day of November, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE