UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK EVANS,<br><br>*Plaintiff*,<br><br>v.<br><br>THE HUFFINGTONPOST.COM, INC. and ASHLEY FEINBERG,<br><br>*Defendants.* | Civil Action No.: 1:19-CV-00536-HSO-JCG |

**DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION TO ACCEPT EXHIBITS UNDER SEAL**

Defendants The HuffingtonPost.com, Inc. ("HuffPost") and Ashley Feinberg (collectively, "Defendants") pursuant to Local Uniform Civil Rule 79(e)(3), through counsel, file this Non-Confidential Memorandum in Support of their Unopposed Motion To File Exhibits Under Seal, and would show the following:

**I.      RELEVANT BACKGROUND**

On April 12, 2021, Plaintiff filed his Response in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. (Docs. 45 and 46).  In support of his Response, Plaintiff relies on, among other exhibits, Exhibit I (HuffPost Counsel Correspondence).[1]  At Defendants request, Plaintiff filed a redacted copy of Exhibit I because the exhibit contains sensitive and confidential financial information that should be protected from public disclosure.  Plaintiff would like to submit an unredacted copy of Exhibit I to the Court.

---

[1] Plaintiff and Defendants have both attached redacted version of the aforementioned Exhibit.

Accordingly, Defendants request that the Court receive the unredacted copy of Exhibit I under seal. Plaintiff does not oppose this request.

## II. LEGAL ARGUMENT

Exhibit I to Plaintiff's response contains HuffPost's confidential financial information, including sensitive details about its revenue sources and figures. While motions to seal are to be granted cautiously, "sealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). Defendants maintain that the financial documentation included in the supplemental interrogatory responses are confidential commercial information that is not to be revealed to the general public. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (recognizing an interest in keeping product-specific financial information secret).

Defendants are aware that "a court must use caution in exercising its direction to place records under seal," and that consideration of such motion must take into account the strong presumption that court records are public and weigh that principle against any countervailing interests that would be served by closure. *United States v. Holy Land Found. For Relief and Dev.*, 624 F.3d 685, 686-91 (5th Cir. 2010). In the instant case, however, no legitimate purpose is served by making an unredacted version of Exhibit I publicly accessible, including accessible online via the Court's PACER/ECF system.

Additionally, the Parties have agreed to maintain the confidentiality of the information contained in Exhibit I. *See Seals v. Herzing Inc.-New Orleans,* 482 Fed. Appx. 893, 896 *(*5th Cir. 2012) (affirming district court's grant of motion to seal in part because the parties had in place an agreement to maintain confidentiality).

There are clear and compelling reasons to seal the unredacted copy of Exhibit I from public access, and the seal—which encompasses only a small part of Exhibit I—would be a narrowly tailored to protect only the confidential financial information.  No public interest would be served by public disclosure of that sensitive information, and the public will have access to the redacted version of Exhibit I that has already been placed in the Court's public docket.

If the Court grants the instant Motion, all conventionally filed documents will comply with the requirements of L. U. Civ. R. 79(e).  Further, if the Court grants this Motion, Defendants seek to have the unredacted version of Exhibit I sealed for the duration of this case until full and final judgment and exhaustion of any appeals, at which time Defendants request the Exhibit be destroyed.

### III.  CONCLUSION

Defendants respectfully request the Court to enter an order allowing Defendants to submit under seal Exhibit I.

RESPECTFULLY SUBMITTED, this the 22nd day of April, 2021.

> Respectfully Submitted,
>
> *s/ Michael J. Bentley*
> W. Wayne Drinkwater
> wdrinkwater@bradley.com
> Michael J. Bentley
> mbentley@bradley.com
> BRADLEY ARANT BOULT CUMMINGS LLP
> Suite 1000, One Jackson Place
> 188 East Capitol Street
> Post Office Box 1789
> Jackson, MS 39215-1789
> Telephone: (601) 948-8000
> Facsimile: (601) 948-3000

Joseph J. Saltarelli (Pro Hac Vice)
jsaltarelli@HuntonAK.com
Sherli Furst (Pro Hac Vice)
sfurst@HuntonAK.com
Silvia Ostrower (Pro Hac Vice)
sostrower@HuntonAK.com
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166-0005
Telephone: (212) 309-1000
Facsimile: (212) 309-1100

*Attorneys for Defendants*
*TheHuffingtonPost.com, Inc.*
*and Ashley Feinberg*

## CERTIFICATE OF SERVICE

     I hereby certify that on April 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ Michael J. Bentley
Michael J. Bentley