UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK EVANS,<br><br>      Plaintiff,<br><br>v.<br><br>THEHUFFINGTONPOST.COM, INC., and<br>ASHLEY FEINBERG,<br><br>      Defendants. | Civil Action No. 1:19-cv-00536-HSO-RHWR |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, TheHuffingtonPost.com, Inc. ("HuffPost") and Ashley Feinberg (referred to collectively as "Defendants") respectfully submit this supplemental legal authority in further support of their Motion to Dismiss for Lack of Personal Jurisdiction, made pursuant to Fed. R. Civ. P. 12(b)(2) [Doc. 42].

On November 19, 2021, the United States Court of Appeals for the Fifth Circuit issued its published opinion in *Admar Int'l, Inc. v. Eastrock, L.L.C.*, ___ F.4th ___, 2021 WL 5411010 (5th Cir. 2021). In *Admar*, the Fifth Circuit affirmed the dismissal of the underlying action for lack of personal jurisdiction, holding:

> Merely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create the "minimum contacts" necessary to establish personal jurisdiction in the forum state under *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

2021 WL 5411010 at *1.

The facts in *Admar* are closely analogous to this case. In *Admar*, plaintiffs sold baby care products and alleged that defendant Eastrock, a Wisconsin company with its principal place of

1

business in Wisconsin, committed copyright and trademark infringement by displaying copies of plaintiffs' products on its website. 2021 WL 5411010 at *1. Plaintiffs sued Eastrock in Louisiana, alleging that personal jurisdiction existed there because Eastrock's website, and concomitantly the allegedly infringing display of plaintiffs' products, was accessible to Louisiana residents. *Id.* Similarly here, the allegedly defamatory Article was posted on HuffPost's website in New York but, given the nature of the Internet, was accessible to readers in Mississippi visiting the website.

The Fifth Circuit, citing its decision in *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002), a case cited by HuffPost, expressly rejected such an argument: "Plaintiffs contend that Eastrock's interactive website targets the entire United States, and so it necessarily targets Louisiana. But we have previously rejected this 'greater includes the lesser' theory." 2021 WL 5411010 at *3 (citing *Revell*). As the Court explained:

> Louisiana residents can access Eastrock's website, no less than residents of other states. But as our cases suggest, and as we now expressly hold, a defendant does not have sufficient minimum contacts with a forum state just because its website is accessible there. The defendant must also target the forum state by purposely availing itself of the opportunity to do business in that state. And here, there is no evidence that Eastbrook targets Louisiana.

*Id.* Echoing the argument HuffPost has made in this case, the Fifth Circuit concluded:

> Take this case: If Eastbrook has minimum contacts with Louisiana, then it has minimum contacts with all 50 states, for no other reason than it put up a website. No other circuit has endorsed such a sweeping view. Neither do we.
>
> The Internet is premised on the lack of territorial limits. Personal jurisdiction works just the opposite. *Merely running a website that is accessible in the forum state does not constitute purposeful availment required to establish personal jurisdiction under longstanding principles of due process.*

2021 WL 5411010 at *4 (emphasis added).

Defendants respectfully request that the Court consider *Admar* when reviewing their Motion to Dismiss for Lack of Personal Jurisdiction. [Doc. 42].

Respectfully submitted, this the 24th day of November, 2021.

*/s/ Michael J. Bentley*
W. Wayne Drinkwater
wdrinkwater@bradley.com
Michael J. Bentley
mbentley@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
Suite 1000, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Joseph J. Saltarelli
jsaltarelli@HuntonAK.com
Silvia N. Ostrower
sostrower@ HuntonAK.com
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166-0005
Telephone: (212) 309-1000
Facsimile: (212) 309-1100

Ann Marie Mortimer
amortimer@HUntonAK.com
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071-2617

*Attorneys for Defendants TheHuffingtonPost.com, Inc., and Ashley Feinberg*

## **CERTIFICATE OF SERVICE**

I, Michael J. Bentley, hereby certifies that I have filed the foregoing via the Court's CM/ECF system, which will deliver copies to all counsel of record.

THIS, the 24th day of November, 2021.

*/s/ Michael J. Bentley*
Michael J. Bentley
